IN THE SUPREME COURT OF THE STATE OF OREGON

JAMES J. NICITA, NORTHWEST ENVIRONMENTAL DEFENSE CENTER,
and PATRICIA SPADY,
*Petitioners,*

*v.*

CITY OF OREGON CITY,
*Respondent.*

Land Use Board of Appeals Nos.2020-037 and 2020-039
Court of Appeals No. A177095
Supreme Court No. 10809

**PETITION FOR REVIEW OF
PATRICIA SPADY AND JAMES NICITA**

Petition for Review of the Decision of the Court of Appeals
Dated February 24, 2022
Affirming by Published Opinion

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

***If review is allowed, Petitioners will file a brief.***

Karl G. Anuta, OSB No. 861423
Law Office of Karl G Anuta PC
735 SW First Ave 2nd Fl.
Portland OR  97204
503 827-0320
kga@integra.net
*Attorney for Petitioners James
J. Nicita and Patricia Spady*

Jesse A. Buss, OSB No. 12291
Willamette Law Group
411 5th Street
Oregon City, OR 97045
503-656-4884
jesse@WLGpnw.com
*Attorney for Petitioner Northwest
Environmental Defense Center*

Carrie A. Richter, OSB No. 00373
William K. Kabeiseman, OSB No. 944920
Bateman Seidel

1000 SW Broadway, Suite 1910
Portland, OR   97205-3035
503-972-9920
crichter@batemanseidel.com
billkab@batemansedel.com
*Attorney for Respondent*
*City of Oregon City*

Filed May 19, 2022.

# INDEX OF CONTENTS

I.      Introduction...................................................................................3

II.     Historical and Procedural Facts.....................................................5

III.    Legal Questions Presented on Review............................................5

IV.     Proposed Rules of Law..................................................................5

V.      Reasons Review Should Be Allowed..............................................6

VI.     Legal Arguments..........................................................................10

VII.    Conclusion...................................................................................12

# INDEX OF APPENDICES

1.      Court of Appeals decision (Affirmed with Opinion).........................App - 1

2.      LUBA decision.................................................................App - 2

# INDEX OF AUTHORITIES

**Cases**

*1000 Friends of Oregon v. City of North Plains*,
        27 Or LUBA 372,
        *aff'd* 130 Or App 406, 882 P2d 1130 (1994).................................8

*1000 Friends of Oregon v.  LCDC,*
        244 Or. App. 239, 259 P.3d 1021
(2011)..........................................................................................10

*DS Parklane Development, Inc. v. Metro*,
        165 Or. App. 1, 994 P.2d 1205 (2000)...........................................8

*Foland v. Jackson County,*
　　311 Or 167, 807 P.2d 801 (1991)..................................................................3, 12

*OCAPA v. City of Mosier*,
　　44 Or LUBA 452 (2003)....................................................................................8

*PGE v. Bureau of Labor and Industries*,
　　317 Or 606, 859 P2d 1143 (1993),
　　*as modified by State v. Gaines*,
　　346 Or 160, 206 P3d 1042 (2009)......................................................................8

**Statutes**

ORS 174.010…………………………………………………………………………...9

**Rules**

Goal 2 (OAR 660-015-0000(2))........................................4, 5, 6, 7, 8, 9, 10, 11, 12

Goal 6 (OAR 660-015-0000(6))........................................4, 5, 6, 7, 8, 9, 10, 11, 12

OAR Chapter 340, Division 41...........................................................4, 5, 6, 10, 11

I.      **Introduction**

In *Foland v. Jackson County,* 311 Or 167, 807 P.2d 801 (1991) the Oregon

Supreme Court described the central elements of the Oregon land use planning

system: that local comprehensive plans must be acknowledged with the statewide

planning goals, but that once this occurs, individual land use decisions only have

to demonstrate compliance with the plans, not with the goals themselves. The

Court expressed concern about the "integrity" of the acknowledgment process:

> This policy of not requiring a city or county to make land use
> decisions in compliance with the goals after plan acknowledgment has
> been obtained provides the entire basis for the integrity of the
> acknowledgment process. Once a plan has been acknowledged, a land
> use decision made in compliance with an acknowledged plan is ipso
> facto in compliance with the goals. To require a city or county which has
> an acknowledged plan nonetheless to make all of its land use decisions
> by separate reference to and in compliance with the goals would make
> an acknowledgement meaningless.

*Id.,* 311 Or at 172.

This case presents the Supreme Court with an example of a threat to the

integrity of not only the acknowledgement process, but of the land use system

itself.

As described in detail in the Record and briefing of this case, unlike the

comprehensive plans of other cities, and indeed unlike Respondent's own *original*

acknowledged comprehensive plan, Respondent Oregon City's current

comprehensive plan does not contain - in its section implementing Goal 6 - that Goal's mandate that water waste and process discharges shall not violate, or threaten to violate, state and federal laws, rules, and standards. That missing component was "slipped through" by the City, and is now law. That means that land use decisions in Oregon City are not reviewed for compliance with this fundamental Goal 6 requirement, including the requirement to comply with the state water quality standards in OAR Chapter 340, Division 41.

The flaw in Oregon City's comprehensive plan represents a threat to the integrity of the acknowledgment process. As described in the briefing, Petitioners believe this case presents the opportunity to cure that flaw, by restoring the primary Goal 6 requirement to the stormwater master plan at issue in this appeal.

The broader threat to the integrity of the land use system is represented by the opinion of the Court of Appeals in this case. That is because the opinion threatens the integrity of two key land use goals, Goal 2, "Land Use Planning" and Goal 6, "Air, Water and Land Resources Quality."

As described in this petition, the Court of Appeals essentially extinguishes Goal 2 as an independent statewide planning goal, including its provisions that would require Respondent to include the substantive requirements of Goal 6 as content in the SMP. As described in the petition for review of the Northwest Environmental Defense Center (NEDC), the opinion renders Goal 6 itself virtually

unenforceable.

Petitioners Patricia Spady and James Nicita respectfully ask this Court to grant review of the decision of the Court of Appeals, based on Petitioners Goal 2 challenge to the SMP below, in which they argued that Goal 2 requires the SMP to include the substantive requirements of Goal 6, and in particular the requirement to comply with state standards - in this case, the state water quality standards set forth in OAR Chapter 340, Division 41. As a result, individual land use decisions will, in turn, again have to meet this requirement.

## II.    Historical and Procedural Facts

Petitioners incorporate the historical and procedural facts as set forth in the petition for review of Petitioner NEDC.

## III.    Legal Question Presented on Review

1.    Are the requirements of Goal 2 independent, or do they apply only when incorporated into the text of other Goals?

2.    If Goal 2 requires plan content, inventories, policies, evaluation of alternatives, and alternative means to achieve compliance with Goal 6, does such compliance with Goal 6 include compliance with the state water quality standards of OAR Chapter 340, Division 41?

## IV.    Proposed Rules of Law

1.    The requirements of Goal 2 are independent, and apply whether or not they

have been incorporated into the text of some other Goal.

2.      Goal 2 requires plan content, inventories, policies, evaluation of

alternatives, and alternative means to achieve compliance with Goal 6, and such

compliance with Goal 6 includes compliance with the state water quality

standards of OAR Chapter 340, Division 41.

## V.    Reasons Review Should Be Allowed

This case presents significant issues of law.  Amendments to local

comprehensive land use plans must comply with the statewide planning goals,

including Goal 2. Some, but not all, of the requirements of Goal 2 are repeated in

the text of some, but not all, other goals. If the requirements of Goal 2 are not

independent, then in the adoption and review of comprehensive plan amendments,

the requirements of Goal 2 will not apply unless some other statewide planning

goal has incorporated these same requirements.  That makes no sense, and ignores

both the plain text and the intent of Goal 2.

The principal mandate of Goal 6 is that waste discharges from new

development, when combined with those from existing development, shall not

violate, nor threaten to violate, applicable state and federal laws, rules and

standards. The question this case presents is whether "standards" referenced in

Goal 6 include the state water quality standards in OAR Chapter 340, Division 41.

Both questions presented are issues of first impression for the Supreme

Court. Furthermore, while the Supreme Court has addressed Goal 2 in other contexts, it has never addressed Goal 6.

The citizens of almost every city and county in the state are directly affected by the land use decisions made by their elected officials.  Thousands of amendments to comprehensive land use plans are made in the state each year. Since Goal 2 addresses both the structure and content of comprehensive plans, most if not all such amendments either directly or indirectly implicate Goal 2. In turn, because Goal 6 addresses waste discharges like stormwater runoff that occur with rainfall events, Goal 6 affects every inch of ground in the state.

The correct application of Goals 2 and 6 are issues of state law.

Petitioners have properly preserved the legal questions presented in this petition.  The case is free from factual disputes or procedural obstacles that might prevent the Supreme Court from reaching the legal issue.

The Record before the Court of Appeals in this case squarely presents the questions of law identified above.

The Court of Appeals' decision in this case is inconsistent with its own prior case law, which correctly suggested that Goal 2's obligations stand independently (whether or not they are repeated textually in other goals). The Court of Appeals has previously applied Goal 2's "adequate factual base" requirement to planning decisions. Like the Goal 2 provisions raised in this case,

Goal 2's "adequate factual base" is supposed to stand independently. *See, DS Parklane Development, Inc. v. Metro*, 165 Or. App. 1, 22, 994 P.2d 1205 (2000). It is important that this test be applied independently, because other goals generally do not textually repeat the "adequate factual base" requirement.

In this case, the Court of Appeals was reviewing a LUBA decision that similarly contradicted LUBA's own prior case law indicating that Goal 2's requirements are independent. *See*, *OCAPA v. City of Mosier*, 44 Or LUBA 452, 462 (2003), citing *1000 Friends of Oregon v. City of North Plains*, 27 Or LUBA 372, 377-378, *aff'd* 130 Or App 406, 882 P2d 1130 (1994).

The issue of the correct application of Goal 2 and Goal 6 is well presented in the briefs before the Court of Appeals.

The Court of Appeals published its decision in this case. The decision was not en banc.

Regarding Goal 2, the Court of Appeal's decision is wrong, for the straightforward reason that it defies the initial basic principle of "plain text" statutory construction set forth in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-612, 859 P2d 1143 (1993) *as modified by State v. Gaines*, 346 Or 160, 172, 206 P3d 1042 (2009).

Goal 2 expressly requires that local land use plans include inventories, evaluation of alternatives, and ultimate policy choices for "each" applicable

statewide planning goal. The goal does not say that this requirement exists *only* if another applicable goal also includes the text of Goal 2.

The challenged decision by the Court of Appeals effectively ignores and removes the term "each" from the text of Goal 2. That is not lawful. *See,* ORS 174.010. The decision, taken as a whole, effectively erases Goal 2 as an independent statewide planning goal, and leaves only those residual components of Goal 2 that happen to have been repeated in other statewide planning goals or in a statute.

The initial flawed conclusion of the Court of Appeals that Goal 2's requirements are not independent of their repetition in other goals resulted in a cascade of error in how the Court of Appeals decided the remainder of the assignments of error.[1]

Regarding Goal 2's incorporation of the substantive requirements of Goal 6, the Court of Appeals decision is also wrong. The opinion does not require compliance with applicable "standards." As stated, in the water quality context, Goal 6 requires compliance with the state water quality standards in OAR Chapter 340, Division 41.

---

[1] Where the Court nevertheless addressed those assignments of error "in the alternative," as if the particular Goal 2 requirement did in fact apply, the Court's conclusions are in turn legally incorrect. They misconstrued Petitioner's actual arguments in the briefing.

## VI.    Legal Arguments

There is no dispute in this case that both the SMP must comply with the statewide planning goals. Goal 2 sets forth requirements for the structure and content of local comprehensive land use plans, in order to fulfill its purpose statement: "To establish a land use planning process and policy framework as a basis for all decision and actions related to use of land and to assure an adequate factual base for such decisions and actions." In addition, the statewide planning goals themselves set out substantive standards for the *content* of local comprehensive plans. *1000 Friends of Oregon v. LCDC,* 244 Or. App. 239, 243, 259 P.3d 1021 (2011).

Regarding Goal 6, the principal substantive standard that must serve as content within a local comprehensive plan is that waste and process discharges from future development, when combined with such discharges from existing development, shall not violate, or threaten to violate, applicable state and federal environmental statutes, rules and standards. In terms of water quality, the applicable state standards are those contained in OAR Chapter 340, Division 41.

Goal 2, Part I, "Planning," contains the following requirements: "All land use plans shall include identification of issues and problems, inventories and other factual information for *each* applicable statewide planning goal, evaluation of alternative courses of action and ultimate policy choices, taking into consideration

social, economic, energy and environmental needs." (Emphasis added.)

LUBA was presented with challenges to Respondent's SMP based on that document's failure to include an inventory, an evaluation of alternative courses of action, or the adoption of legally adequate ultimate policy choices, as they pertain to the Goal 6 requirement to comply with the state water quality standards of OAR Chapter 340, Division 41.

Goal 2, Part III, "Use of Guidelines," further requires that land use plans either include certain elements, including the land use goals themselves, or provide alternative means of achieving the elements set forth in the Guidelines. As was explained to LUBA, the SMP neither included Goal 6 nor provided alternative means to achieve Goal 6 - and in particular the Goal 6 requirement that waste and process discharges not violate state water quality standards (i.e., those contained in OAR Chapter 340, Division 41).

LUBA denied all of the assignments of error based on a sweeping interpretation that the requirements of Goal 2 do not apply *unless* some other Goal has incorporated those same requirements. To the extent that LUBA provided "in the alternative" analyses, it concluded that any Goal 6 content in the SMP would not require compliance with the state water quality standards of OAR Chapter 340 Division 41.

The Court of Appeals erred in affirming LUBA in all respects. The Court of

Appeals further erred in claiming in its various "in the alternative" analyses that the argument about the requirements of Goal 2 to fulfilling the substantive requirements of Goal 6 were not properly raised. However, even a brief review of Petitioner Spady's Opening Brief to the Court of Appeals reveals that she clearly and emphatically did so, in each instance.

## VI.    Conclusion

Just as this Court first emphasized in *Foland* the integrity of the acknowledgment process, Petitioners respectfully entreat this Court to reaffirm that integrity, and reaffirm the integrity as well of both to Respondent's comprehensive planning documents, and to the Oregon land use planning system itself.

Respectfully submitted this 19th day of May, 2022.


 /s/ *Karl G. Anuta*
Karl G. Anuta, OSB No. 861423
Attorney for Petitioners Spady and Nicita

CERTIFICATE OF COMPLIANCE WITH BRIEF LENGTH
AND TYPE SIZE REQUIREMENTS

<u>Brief Length</u>

I certify that the word-count of this brief is 2595 and the brief does not exceed 50 pages in length.

<u>Type Size</u>

I certify that the size of the type in this brief is not smaller than 14 point for both the text of the brief and the footnotes.

DATED this 19th day of May, 2022.

 /s/ *Karl G. Anuta*
Karl G. Anuta, OSB No. 861423

## CERTIFICATE OF SERVICE

I certify that on the date indicated below I served a true copy of this Petition for Review upon each of the following persons via the Court's e-filing system at each person's email address as recorded on today's date in the Court's e-filing system:

Carrie A. Richter, Esq.
William Kabeiseman, Esq.
Bateman Seidel
888 SW 5th Ave. Ste. 1250
Portland OR 97204-3141
crichter@batemanseidel.com
billkab@batemanseidel.com
*Of Attorneys for Respondent on Review*

Jesse Buss, Esq.
Willamette Law Group
411 Fifth Street
Oregon City OR 97045-2224
jesse@WLGpnw.com
*Attorney for Intervenor-Respondent NEDC*

## CERTIFICATE OF FILING

I further certify that on the date indicated below I filed the original of this document via the Court's eFiling system with:

Appellate Court Administrator, Records Section
Supreme Court Building
1163 State Street
Salem, OR 97301-2563

DATED this 19th day of May, 2022.

 /s/ *Karl G. Anuta*
Karl G. Anuta, OSB No. 861423